IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAVOND HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:19-cv-960 |
| | ) Judge Stephanie L. Haines |
| JOHN WETZEL, et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §636, and Local Civil Rule 72.

Pursuant to 28 U.S.C. §636(b)(1)(B), the Magistrate Judge made a recommendation to the District Court (ECF 18) that Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF 12) be denied. The parties were notified that pursuant to 28 U.S.C. §636(b)(1), they had fourteen days to file written objections to the recommendation portion of the Order, Report and Recommendation (ECF 18). While Plaintiff filed three documents notifying the Court of changes in address (ECF 19, 20, and 21), no party filed any objections and the time to do so expired. Accordingly, this Court entered an Order on January 31, 2020 (ECF 23) adopting the Report & Recommendation portion of the Order, Report and Recommendation.

On February 11, 2020, Plaintiff filed "Objections to the Order/Report and Recommendation" (ECF 24). Plaintiff also filed an appeal to the Third Circuit from this Court's

1

January 31, 2020 Order (ECF 25)[1]. The Third Circuit declined to rule on this appeal (ECF 27), finding that a timely post-decision motion of a type specified by Fed. R. App. P. 4(a)(4), specifically the "Objection to the Order/Report and Recommendation" (ECF 24), was pending with the District Court. Magistrate Judge Pesto then filed a Report and Recommendation on March 5, 2020 (ECF 28) which found the "Objections to the Order/Report and Recommendation" to be a motion under Fed. R. Civ. P. 59 and recommended that motion be denied. The Report and Recommendation (ECF 28) stated that Plaintiff had fourteen days to file objections to the recommendation portion of the Report & Recommendation.

During this fourteen-day time period, Plaintiff filed with the Court correspondence describing that he continued to be subjected to retaliation and harassment at SCI Fayette and enclosed several institutional grievances that he alleges were unanswered. (ECF 29). Plaintiff also filed a motion for extension of time to file response/reply as to the Report and Recommendation, which was denied by Magistrate Judge Pesto (ECF 31).

Plaintiff did not file objections to the Report and Recommendation filed at ECF 28, and the time do so has expired. However, this Court will consider the correspondence filed at ECF 29 to be filed in response to the Report and Recommendation filed at ECF 28 in light of the timing of this correspondence. ("When considering pro se pleadings, a court must employ less stringent standards than when judging the work product of an attorney." *Haines v. Kerner*, 404 U.S. 519,

---

[1] Plaintiff's Notice of Appeal (ECF 25) states that Judge Pesto's Order, Report and Recommendation (ECF 18), and this Court's adoption of the Report and Recommendation part thereof (ECF 23), denied Plaintiff any and all relief and dismissed his civil action complaint. However, the Report and Recommendation portion of Magistrate Judge Pesto's Order, Report and Recommendation (ECF 18) recommended that Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction (ECF 12) be denied, which this Court adopted (ECF 23). Plaintiff's complaint has not been dismissed as these proceedings relate to Plaintiff's request for injunctive relief.

2

520 (1972)).

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. Upon *de novo* review of the record and the Report and Recommendation (ECF 28), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of the Magistrate Judge in this matter.

Plaintiff did not identify the authority by which he is seeking reconsideration in his "Objections to the Order/Report and Recommendation" (ECF 24). However, he filed the "Objections to the Order/Report and Recommendation" (ECF 24) on February 11, 2020, ten days after the entry of the order of judgment dismissing Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF 12). Magistrate Judge Pesto's Report and Recommendation (ECF 28) treated the filing at ECF 24 as a motion under Fed. R. Civ. P. 59. See, e.g., *Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e).")

In his underlying request for a temporary injunction filed at ECF 12, Plaintiff failed to allege facts to establish that he was entitled to injunctive relief against the named Defendants. To obtain the "extraordinary remedy" of a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v.*

3

*Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Furthermore, because of the "complex and intractable problems of prison administration," a request for injunctive relief in the prison context calls for caution and judicial restraint. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995); *see also* 18 U.S.C. § 3626(a)(2). While Plaintiff's allegations describe that he has been mistreated in various ways by SCI Fayette prison officials, at this time, the record does not support the likelihood of success on the merits of these claims, let alone contain sufficient facts that would otherwise support that Plaintiff is entitled to the injunctive relief he requested.

A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice. *Holsworth v. Berg,* 322 F. App'x 143, 146 (3d Cir. 2009)(internal citation omitted). However, Plaintiff's "Objections to the Order/Report and Recommendation" simply reiterate his same allegations relating to mistreatment from SCI Fayette and SCI Greene prison officials and also include requests for various forms of relief relating to his receipt of his mail. As such, Plaintiff's filing at ECF 24 does not establish a basis for reconsideration of the denial of his Motion for Temporary Restraining Order and Motion for Preliminary Injunction.

Accordingly, the following order is entered:

## **ORDER OF COURT**

AND NOW, this 24th day of April, 2020, IT IS ORDERED that, insofar as Plaintiff's correspondence to this Court filed at ECF 29 was intended as objections to the Magistrate Judge's Report and Recommendation filed at ECF 28, said objections are hereby **overruled**. Further, the pleading at ECF 24 styled as "Objections to the Order, Report and Recommendation", being

treated by the Court as a motion, is hereby **denied**. The Magistrate Judge's Report and Recommendation (ECF 28) is hereby adopted as the opinion of the Court.

*/s/ Stephanie L. Haines*
Stephanie L. Haines
United States District Judge