IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAVOND HILL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:19-cv-960 |
| | ) Judge Stephanie L. Haines |
| JOHN WETZEL, et al. | ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

This is a civil rights case brought under 42 U.S.C. § 1983 by Lavond Hill ("Plaintiff"), a prisoner currently incarcerated at State Correctional Institution--Houtzdale (SCI-Houtzdale) wherein Plaintiff essentially alleges that the various named Defendants conspired to retaliate against him when he was an inmate at SCI Greene between June 2017 and February 2018. Plaintiff alleges that this retaliation took the form of destruction or theft of Plaintiff's personal property, threats, denial of medical treatment, denial of food, the use of pepper spray on Plaintiff, and verbal abuse. This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S. C. §636, and Local Civil Rule 72.

Following Magistrate Judge Pesto's screening of Plaintiff's complaint (ECF No. 1-2) pursuant to 28 U.S.C. § 1915A and § 1915(e)(2) in a Report and Recommendation filed at ECF No. 35, the Court dismissed Plaintiff's complaint (ECF No. 1-2) with leave to amend (ECF No. 43). Plaintiff filed an amended complaint on December 28, 2020 (ECF No. 44). On January 8, 2021, Defendants Alicia Berger and Pushkalai Pillai filed a motion to dismiss Plaintiff's amended complaint (ECF No. 45) and brief in support of the motion to dismiss (ECF No. 46). Plaintiff filed a response to the motion to dismiss on February 23, 2021 (ECF No. 54), and Defendants Berger

1

and Pillai filed a reply on March 1, 2021 (ECF No. 56). Plaintiff filed a response to the moving Defendants' reply on March 15, 2021 (ECF No. 57). On September 2, 2021, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 63) recommending Defendants Berger's and Pillai's motion to dismiss (ECF No. 45) should be granted and the claims against them dismissed with prejudice. Magistrate Judge Pesto further recommended that the remaining claims in the amended complaint (ECF No. 44) should be dismissed with prejudice for violation of Fed. R. Civ. P. 20, without leave to amend. As an unregistered ECF user, Plaintiff had until September 20, 2021 to file objections (ECF No. 63). *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2.

On September 14, 2021, Plaintiff filed a motion generally requesting an extension of time, stay, or postponement of any and all proceedings concerning the cases Plaintiff has pending with the Court (ECF No. 64). An identical motion was filed in another Section 1983 case Plaintiff filed with this Court at Case No. 3:21-cv-8. The motion filed at ECF No. 64 is similar in substance to a motion to stay Plaintiff previously filed on August 4, 2021 at ECF No. 60 requesting a general stay of litigation because Plaintiff was on "paper restriction," which was denied. The motion filed at ECF No. 64 also describes Plaintiff was recently on "paper restrictions" and enumerates the various other active legal proceedings and filings Plaintiff has pending. Magistrate Judge Pesto denied the motion filed at ECF No. 64 as Plaintiff failed to state a basis for an extension of time (ECF No. 65). To date, Plaintiff has not filed any objections to the Report and Recommendation (ECF No. 63).

After review of the Report and Recommendation (ECF No. 63) and the other motions, pleadings, and documents filed in this case under the applicable "reasoned consideration" standard, *see EEOC V. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review

when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D, the Court will adopt in part and reject in part the Report and Recommendation (ECF No. 63). The Court will GRANT the motion to dismiss at ECF No. 45 and dismiss Plaintiff's claims against Defendants Berger and Pillai with prejudice. However, the Court will allow Plaintiff leave to file a second amended complaint in this matter as to his claims against the various other Defendants.

The Court finds Magistrate Judge Pesto correctly concluded Plaintiff failed to state a claim against Defendants Berger and Pillai. Plaintiff essentially alleges Defendants Berger and Pillai denied him medical care, but these allegations do not amount to a claim under *Estelle v. Gamble*, 429 U.S. 97 (1976). Even reading Plaintiff's allegations liberally, Plaintiff has failed to plead any facts to show the moving Defendants were deliberately indifferent to Plaintiff's medical needs or that they retaliated against Plaintiff.

Magistrate Judge Pesto also correctly finds that the remaining claims in Plaintiff's amended complaint (ECF No. 44) fail to conform with Fed. R. Civ. P. 20 as the allegations against the various Defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and do not have a question of law or fact common to all Defendants. Like Plaintiff's complaint (ECF No. 1-2), Plaintiff's amended complaint (ECF No. 44) consists of confusing and disjointed descriptions of Defendants' verbal abuse and punishments to Plaintiff, and as currently pleaded, these allegations fail to comply with the pleading standards in Fed. R. Civ. P. 8 and the Prison Litigation Reform Act ("PLRA").

Although there is not a heightened pleading standard in a §1983 case, a §1983 complaint must bear reasonable relation to the rules. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for

judgment for the relief sought by the pleader. *See* Fed. R. Civ. P. 8(a). As the Supreme Court explained, this means that a plaintiff must set forth in the complaint "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard "demands more than an unadorned the defendant unlawfully harmed me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Keener v. Pennsylvania Bd. of Probation and Parole*, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. §1915(e)(2)(B) as "the PLRA provision mandating *sua sponte* dismissal of *in forma pauperis* actions that are frivolous or fail to state a claim."). The United States Supreme Court has held that 28 U.S.C. § 1915(e)(2)(B)'s term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation," such that a claim is frivolous within the meaning of section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

As to the remaining claims in the amended complaint (ECF No. 44), the Court will dismiss those claims without prejudice to file a second amended complaint as it has not been determined that amendment of these claims would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103 (3d Cir. 2002). Plaintiff is again reminded that the second amended complaint must be complete in all respects and must be a new pleading which stands by itself without reference to any complaint previously filed. The second amended complaint should set forth Plaintiff's claims in short, concise, and plain statements and should explain to the Court what happened by specifically describing each defendant's behavior or action and how that behavior or action — or lack of action — resulted in the alleged violations of Plaintiff's Constitutional rights. If Plaintiff fails to timely file a second amended complaint adhering to the standards set forth above, which he has been repeatedly advised of, this case will be subject to dismissal.

## ORDER OF COURT

AND NOW, this 29th day of September, 2021, IT IS HEREBY ORDERED that the motion to dismiss filed by Defendants Berger and Pillai (ECF No. 45) is GRANTED, and Plaintiff's claims against Defendants Berger and Pillai are DISMISSED WITH PREJUDICE; and,

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 63) is adopted in part and rejected in part as the Opinion of the Court as provided herein; and

IT IS FURTHER ORDERED that Plaintiff's amended complaint (ECF No. 44) is hereby DISMISSED WITHOUT PREJUDICE. Within twenty (20) days from the date of this Order, Plaintiff may file a second amended complaint in this case in accordance with the Federal Rules of Civil Procedure. Failure to timely file a second amended complaint in this case in accordance with this Court's Orders will result in the dismissal of this case.

Stephanie L. Haines
United States District Judge