IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAVOND A. HILL,<br>    Plaintiff, | :<br>:<br>: |
| v. | : Case No. 2:19-cv-960-SLH-KAP |
| JOHN E. WETZEL, *et al.*,<br>    Defendants | :<br>:<br>: |

<u>Memorandum Order</u>

Plaintiff's duplicate motions for appointment of counsel, ECF no. 120, ECF no. 121, are denied. Local Civil Rule 10.C provides that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." The local rule reflects the experience-based judgment of the District Court that, given the few attorneys who have expressed willingness to represent inmates *pro bono*, counsel should be reserved for cases pending trial. There are no special circumstances here. Plaintiff is mentally ill and he cites that as a special circumstance, but he has been mentally ill throughout this matter and after almost four years of demonstrating he wants to and can litigate *pro se* in several forums at once (including by filing the motion to compel addressed below), plaintiff's references to his mental illness do not show any need for the appointment of counsel.

Plaintiff's *pro se* motion to compel at ECF no. 124 is denied. The motion makes no attempt to show that particular responses to interrogatories were improper: plaintiff states general principles, some of them incorrect, and some of them correct as to civil cases generally but based on provisions of the rules that are inapplicable to *pro se* prisoner litigation, *see* Fed.R.Civ.P. 26 (a)(1)(B)(iv); he also adds an unnecessary discussion about a future duty to supplement responses. The requested relief makes clear the point of the motion: plaintiff wants to compel defendants to provide him with a free copy of his medical record that they subpoenaed from the Department of Corrections. Plaintiff has access to his own medical records from the Department of Corrections, with the exception of some records that may reflect medical opinions or communications by treatment providers, and even if the Department of Corrections were a defendant a motion to the Department of Corrections would be denied in the absence of a showing that plaintiff could not review his records by complying with the Department's internal procedures. *See* <u>Bracey v. Harlow</u>, 2012 WL 4857790, at *2 (W.D. Pa. Oct. 12, 2012), *citing* <u>Whetstone v. Bohinski</u>, 2010 WL 785246 *2 (M.D.Pa.2010) and <u>Bull v. United States,</u> 143 Fed.Appx. 468, 469 (3d Cir.2005). Plaintiff cannot shift costs to the defendants or do an end-around confidentiality policies by using a motion to compel.

Finally, the defendants' motion at ECF no. 122 to extend the deadline for filing

1

their motion for summary judgment is granted: now that the other pending motions are decided, defendants' motion is due on or before July 31, 2023, with a response due on or before August 31, 2023.

DATE:  June 28, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

> Lavond A. Hill GC-8778
> S.C.I. Phoenix
> 1200 Mokychic Drive
> Collegeville, PA 19426